**FILED**
VANESSA L. ARMSTRONG, CLERK

JUL 1 9 2012

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:11-CR-45-H

UNITED STATES OF AMERICA      PLAINTIFF

v.

ANDREW FIELDS, III      DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury,** now that you have heard all the evidence and the arguments of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the United States. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I give you.

You must follow the law as I explain it to you whether you agree with it or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The

defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, then you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts, or doubts based purely on speculation, are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act upon it in making the most important decisions in your own lives. If you are convinced that the United States has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may draw reasonable inferences, deductions, and

conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

A defendant has an absolute right not to testify. A defendant need not prove anything. Therefore, the fact that a defendant did not testify or did not call any witnesses cannot be considered by you in any way during your deliberations.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of either defendant or the United States; they merely give testimony which you should consider. Concentrate on that, not the numbers.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges two (2) separate offenses called "counts." The number of charges is not evidence of guilt, and this should not influence your decision in any way. The defendant is on trial only for the particular crimes charged in the indictment. It is your duty to consider separately the evidence that relates to each charge, and to return a separate verdict for each charge. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charge.

### Count 1

Count 1 of the indictment charges that on or about February 17, 2011, defendant Andrew Fields knowingly and intentionally possessed twenty-eight grams or more of a mixture or substance containing cocaine base, commonly known as "crack," with intent to distribute it in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(B). That statute makes it a federal crime to knowingly and intentionally possess a "controlled substance" with the intent to distribute it. Cocaine base is a "controlled substance" within the meaning of the law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly and intentionally possessed twenty-eight grams or more of a mixture or substance containing cocaine base; and,

Second, that the defendant intended to distribute cocaine base.

To prove that the defendant "possessed" either cocaine base as charged in Count 1 or a firearm as charged in Count 2, the government does not necessarily have to prove that the defendant physically possessed the cocaine base or the firearm for you to find him guilty of the crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct physical control over the cocaine base or the firearm, and knew that he had control of it. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the cocaine base or the firearm, and knew that he had this right, and that he intended to exercise physical control over it at some time, either directly or through other persons.

Just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the cocaine base or the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The phrase "intended to distribute" simply means that the defendant intended to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved both of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge for the defendant. If you have a reasonable doubt about either one of these elements, then you must find the defendant not guilty of this charge.

Enter your verdict under Count 1 of the Verdict Form. If your verdict is "guilty," proceed to consider Count 2 of these instructions. If your verdict is "not guilty," please return to the courtroom with this verdict.

## Count 2

Count 2 of the indictment charges that on or about February 17, 2011, defendant Andrew Fields possessed a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(1). For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt.

First, that the defendant committed the crime charged in Count 1, a drug trafficking crime which may be prosecuted in a court of the United States.

Second, that the defendant knowingly possessed a firearm.

Third, that the possession of the firearm was in furtherance of the crime charged in Count 1.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

To consider "possession," please apply the definition set out in Count 1 of these instructions.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count 1 and that the firearm was strategically located so that it was quickly and easily available for use.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

Please enter your verdict under Count 2 on the Verdict Form.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced that it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be. It would violate your oaths as jurors to

even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your fellow jurors to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION 3:11CR-45-H

UNITED STATES OF AMERICA                                           PLAINTIFF

v.

ANDREW FIELDS, III                                                 DEFENDANT

**VERDICT FORM**

**WE, THE JURY, FIND**

ANDREW FIELDS, III

Count 1    _____          _____
           GUILTY              NOT GUILTY


Count 2    _____          _____
           GUILTY              NOT GUILTY


_____
FOREPERSON

Date: _____