UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.  No. 3:11-cr-45-BJB

ANDREW FIELDS III

\* \* \* \* \*

### OPINION & ORDER DENYING MOTIONS FOR SENTENCE REDUCTION

A jury convicted Andrew Fields in 2012 for three separate criminal offenses: possession with intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm despite a prior felony conviction. Jury Verdict (DN 47). He has since filed two motions for sentence reduction under 18 U.S.C. § 3582(c), which authorizes compassionate release under extraordinary circumstances.

Fields's first motion argues that the Second Amendment renders his felon-in-possession conviction under 18 U.S.C. § 922(g)(1) unconstitutional. First Motion (DN 141) at 2. He cites an opinion from the Southern District of Mississippi, since reversed by the Fifth Circuit, which held that § 922(g)(1) unconstitutionally infringes the right to bear arms. *United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023), *rev'd and remanded*, 123 F.4th 183 (5th Cir. 2024).

Fields filed a second motion that argues that the difference between his sentence under 18 U.S.C. § 924(c) and the sentence he would have received under that statute—had he been sentenced after the First Step Act's enactment—makes his an "unusually long" sentence and therefore justifies a reduction in sentence. Second Motion (DN 144) at 3.

In both motions, Fields requests appointment of counsel. First Motion at 3; Second Motion at 4.

### I.

18 U.S.C. § 3582(c) permits federal inmates to request compassionate release or a reduction in sentence, but they must first request that their facility's warden file on their behalf. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (citing § 3582(c)(1)(A)). If the warden denies the request or fails to respond within 30 days of receiving the request, the inmate may petition the court and seek release or a reduction in sentence on his own behalf. *Id.* at 833.

Courts follow a "three-step inquiry" in considering §3582(c) requests. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). First, "the court

must find that extraordinary and compelling reasons warrant [a sentence] reduction." *Id.* Second, it must "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Third, it must "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.*

The Sentencing Commission has issued a Policy Statement identifying six categories of extraordinary and compelling reasons for a reduction in sentence. Fields invokes only the sixth:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law … may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

## II.

At the outset, the record does not make entirely clear whether Fields has exhausted his administrative remedies as required by the Compassionate Release statute. *See* § 3582(c). Fields's first motion includes no evidence or allegations that he had petitioned his facility's warden before submitting his request to the Court. *See* DN 141. His second motion, however, attaches what purports to be a written request addressed to his facility's warden, which he claims he submitted to the warden. DN 144 at 4–5. The exhaustion requirement, however, is waivable; it dooms a compassionate-release petition only if the Government objects on that basis. *See Alam*, 960 F.3d at 833. Here, the Government hasn't responded at all. Regardless, even assuming exhaustion is no bar to relief, Fields's motions would still fail.

### A. **Constitutionality of Fields's Conviction**

In his first motion, Fields argues that the Second Amendment renders his conviction under 18 U.S.C. § 922(g)(1) unconstitutional. That statute prohibits anyone previously convicted of a felony from possessing a gun. But the Sixth Circuit foreclosed any argument that this statute is categorically unconstitutional, holding that "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous. Section 922(g)(1) is an attempt to do just that." *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024). Although not binding on this Court, it is worth noting that the Fifth Circuit has since reversed the decision on which Fields's constitutionality argument relied in his first motion. *See United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024). So Fields cannot show that § 922(g)(1) is categorically inconsistent with the Second Amendment.

What about a challenge to § 922(g)(1) as applied to Fields's specific conviction? The statute and conviction still comport with the Second Amendment. His 2011 felon-

2

in-possession charge rested on his 1993 convictions for aiding and abetting a carjacking and using a firearm during a "crime of violence" (the carjacking). *See* PSR (DN 50) ¶¶ 3, 44; Indictment (DN 12) at 2. Those offenses satisfy the "dangerousness determination" that *Williams* requires of district judges "when they entertain as-applied challenges to § 922(g)(1)'s applicability." 113 F.4th at 657. Even assuming Fields's *pro se* motion raised such a challenge, "there is little debate that violent crimes are at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.* at 658. And nothing else in the record regarding these convictions undermines the notion that the statute's disarmament of Fields, consistent with the nation's history and tradition, appropriately responded to his past dangerous behavior. No intervening change in the law regarding § 922(g) and the Second Amendment, therefore, renders Fields's conviction under § 922(g)(1) unconstitutional or otherwise constitutes an extraordinary and compelling reason for a reduction in sentence or release.

### B. Unusually Long Sentence

Fields argues in his second motion that his conviction under 18 U.S.C. § 924(c) amounted to an "unusually long sentence" justifying compassionate release. DN 144 at 3. He was sentenced in 2012, before Congress amended § 924(c) to eliminate that law's "sentence-stacking" effect. *See generally Hewitt v. United States*, 606 U.S. 419, 422–24 (2025*).* Had Fields been sentenced after the enactment of the First Step Act, he would have received a much lower sentence for his § 924(c) conviction. Second Motion at 3. This, he argues, constitutes an "unusually long sentence" under the Sentencing Commission's guidelines. *Id.*

The Sixth Circuit has held that "[n]onretroactive legal developments do not factor into the [§ 3582(c)] extraordinary and compelling analysis. Full stop." *United States v. McCall,* 56 F.4th 1048, 1066 (6th Cir. 2022) (en banc). The amendment in question here is one such development: when Congress reduced the sentence-stacking elements of the law at issue, it explicitly made the change *non*retroactive as it applies to defendants like Fields who were sentenced before the amendment took effect. *See United States v. Jarvis*, 999 F.3d 442, 443–44 (6th Cir. 2021). Holding otherwise would circumvent Congress's "careful effort" to limit the sentence-stacking amendment's application to only prisoners sentenced after the statute's enactment. *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021).

But what about the recent Sentencing Commission Policy Statement? As the Sixth Circuit has explained, the Commission purported to overrule the appellate holding in *McCall* by defining "extraordinary and compelling" to embrace legal changes that create gross disparities between the sentences of defendants imposed under current and then-existing law after the prisoner has served at least ten years. *United States v. Bricker*, 135 F.4th 427, 434 (6th Cir. 2025) (citing U.S.S.G. § 1B1.13(b)(6)). But the Court of Appeals has rejected that brand of quasi-administrative overruling of precedent: "once a court has interpreted the bounds of the Commission's delegated authority as [the Sixth Circuit] did in *McCall,* the

3

Commission does not have the authority to overrule that interpretation." *Id.* at 435 (citing *Neal v. United States*, 516 U.S. 284, 294–95 (1996)). So the Commission's expanded definition of what's legally extraordinary and compelling doesn't aid Fields here.

True, the Court of Appeals previously held that nonretroactive statutory changes such as the stacking amendment *may*, of their own force and in "combination" with "other factors," amount to an extraordinary and compelling case for compassionate release. *See United States v. Owens*, 996 F.3d 755, 763–64 (6th Cir. 2021); *but see id.* at 764 (Thapar, J., dissenting) ("We have already answered the legal question presented here: A sentencing disparity resulting from the First Step Act's reforms is not—as a matter of law—an extraordinary and compelling reason for a reduction in sentence."). But the en banc court in *McCall* clarified that nonretroactive changes play no role in the district court's analysis unless some *other* "extraordinary and compelling" reason justifies a sentence reduction. *See* 56 F.4th at 1057–59. Only then could the nonretroactive change enter the equation under the district court's analysis of "the § 3553(a) factors to decide whether and how much to reduce a qualifying defendant's sentence." *Id.* at 1066 n.8 (quotation marks omitted).

Because Fields was sentenced under § 924(c) in 2012, before the enactment of the First Step Act, the difference between his actual and hypothetical post-First Step Act sentence does not amount to an extraordinary and compelling reason to reduce his sentence. *See McCall*, 56 F.4th at 1056–57; *Jarvis*, 999 F.3d at 444. The Sentencing Commission guidelines do not help Fields's case, as those guidelines cannot overrule Sixth Circuit precedent. *See Bricker*, 135 F.4th at 438.

### III.

In both motions Fields requests appointment of counsel. First Motion at 3; Second Motion at 4. "[T]here is generally no right to counsel in postconviction proceedings." *United States v. Augustin*, 16 F.4th 227, 233 (6th Cir. 2021) (quotation marks omitted). And more specifically, "there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). Only "exceptional circumstances" warrant the appointment of counsel in such proceedings. *United States v. Pratt*, No. 21-6013, 2022 WL 1294435, at *3 (6th Cir. Mar. 15, 2022) (citing *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)).

Because this is a § 3582(c) proceeding, Fields has no constitutional right to appointed counsel. *Id.* Nor has he pointed to any "exceptional circumstances" that would otherwise justify appointment here. Fields, despite his apparent lack of representation or legal training, has clearly and impressively conveyed his arguments so the Court can both understand them and why he advanced them. But that likewise goes to show that no "exceptional circumstances" justify appointment of counsel to further amplify those arguments here. The Court therefore denies his requests for appointment of counsel.

Finally, because the Court has now resolved all other pending motions in the case, it will deny as moot Fields's separate "motion for status of case." *See* DN 145.

### ORDER

The Court denies Fields's motions for sentence reduction (DNs 141 & 144). This case remains closed.

Benjamin Beaton, District Judge
United States District Court

January 7, 2026